general counsel, especially where it appears that the client acquiesced in and subsequently ratified the acts of such attorney with reference to such controversy.

6. CONTRACTS, § 298*—*when tender of performance insufficient.* An offer to ship goods on condition that defendant pay for them in advance of shipment is not a sufficient tender of performance under a contract providing for shipment on condition of payment "in thirty days from delivery."

7. CONTRACTS, § 294*—*when performance or willingness to perform conditions precedent to recovery.* An action upon a contract cannot be maintained unless plaintiffs proved performance on their own part, or that they were ready and willing to perform within the time limited by the contract.

8. CONTRACTS, § 387*—*when evidence insufficient to establish excuse for tender of performance.* In an action to recover for breach of a contract to manufacture and deliver goods, where there was no sufficient tender of performance by plaintiffs, evidence *held* insufficient to excuse plaintiffs from making tender of performance.

9. CONTRACTS, § 294*—*what is essential to authorize recovery on contract.* No recovery can be had in an action to recover for the purchase price of goods which plaintiffs contracted to manufacture and deliver to defendant where there is neither a sufficient tender of performance by plaintiffs nor a state of facts excusing tender.

10. CONTRACTS, § 294*—*when there can be no recovery for expense of storing and insuring undelivered goods.* In an action to recover the purchase price of goods which plaintiffs contracted to manufacture and to deliver to defendant, no recovery can be had for expenditures for storing and insuring goods not delivered in the absence of a sufficient tender of performance by plaintiffs, or of a state of facts excusing such tender.

---

## City of Chicago, Defendant in Error, v. William Wright, Plaintiff in Error.

## Gen. No. 21,036. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed December 21, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Peters v. Reddy et al., 195 Ill. App. 579.

## Statement of the Case.

Prosecution by the City of Chicago against William Wright, defendant, in the Municipal Court of Chicago, charging defendant with committing "an indecent, lewd and filthy act," with uttering "lewd, indecent and filthy words" and with making "obscene gestures publicly" in violation of section 2026 of the Revised Municipal Code of Chicago. To reverse a judgment of conviction, defendant prosecutes this writ of error.

GENTZEL & CRANE and WILLIAM H. GRUVER, for plaintiff in error.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error.

JOHN F. POWER, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

LEWDNESS—*when admission of evidence error.* In a prosecution wherein defendant was charged with uttering indecent words and with making obscene gestures publicly, in violation of an ordinance, the admission of evidence that defendant had used indecent language *held* prejudicial, where it appeared that the indecent language testified to was not used in the presence of the complaining witness.

---

## Maria Peters, Defendant in Error, v. John A. Reddy and Fanny Reddy, Plaintiffs in Error.

## Gen. No. 21,044. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEW-COMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed December 21, 1915. Rehearing denied January 4, 1916.